IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

Vs.                                                            No.  04-40001-02-SAC

FELIPE BEDOLLA-IZAZAGA,

                    Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the following pretrial motions filed by the defendant:  Motion to Disclose Identity of Confidential Informant (Dk. 134); Motion for Disclosure of Exculpatory and Impeachment Information (Dk. 136); and Motion to Determine Admissibility of Extra Judicial Statements of Alleged Co-Conspirators and to Establish Order of Proof as to Conspiracy Allegations (Dk. 138).  The government has filed a consolidated response to these motions.  (Dk. 140).

        The government argues the defendant's discovery motions should be denied as moot, as the government has provided full discovery in this case, including all requested information that exists.  The government further recognizes

its continuing duty to provide information as it becomes available and relevant in the future.  The government finally submits that "if defense counsel has any questions about specific information which may or may not be available in this [full discovery] case, he is invited to contact government's counsel to resolve the issues." (Dk. 140, p. 3).  Because the government has provided full discovery in this case that meets the defendant's requests, has acknowledged its continuing obligation to provide relevant discovery, and has invited counsel to approach it with questions about requested information, the court denies the defendant's discovery motions as moot in light of the government's response.

Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if it is made by "a co-conspirator of a party during the course and in furtherance of the conspiracy."  Before a co-conspirator's statement can be admitted pursuant to Rule 801(d)(2)(E), the trial court must determine by a preponderance of the evidence that:  (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy. *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997).  In deciding whether the prerequisites for admission of the co-conspirator's out-of-court statement have been satisfied, the court may consider the hearsay statement sought

to be admitted in addition to the independent evidence presented. *Id.*; *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990), *cert. denied*, 498 U.S. 1050 (1991).  "'[T]here need only be some independent evidence linking the defendant to the conspiracy.'" *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (quoting *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987)).  To be sufficient, the independent evidence need not be substantial, but it must be something other than the proffered statement.  *Id*.

Under Tenth Circuit law, the district court may satisfy the prerequisites for admission of a co-conspirator statement through either of two means:  by holding a James hearing or by provisionally admitting the statement "with the caveat that . . . the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence."  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).  Although it has a "strong preference for James proceedings where the government relies on co-conspirator statements," *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998), *cert. denied*, 526 U.S. 1033 (1999), the Tenth Circuit permits a district court to provisionally admit the statement with the caveat that the offering party must prove the existence of the predicate conspiracy through trial testimony or other evidence.  *Id*.  Thus, a trial court may determine the admissibility requirements prior to or during trial by way of

a James hearing held outside of the presence of the jury, or it may provisionally admit the statement subject to proof at trial that connects up the statements to the predicate conspiracy elements.  *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992), *cert. denied*, 507 U.S. 946 (1993); *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987) ("[D]ue to intertwining nature of the non-hearsay testimony and the challenged statements, "the court was justified in provisionally admitting the statements in lieu of following the preferred procedure), *cert. denied*, 485 U.S. 1013 (1988).

A defendant has no distinct right to a pretrial hearing with regard to the conspiracy determination."  *United States v. Hernandez*, 829 F.2d at 994 (citing in part *United States v. v. Monaco*, 700 F.2d 577, 581 (10th Cir. 1993) ("a trial court has no obligation to determine admissibility of possible hearsay at the pretrial state.")).  "At times, the court will be able to make its determination on the basis of proffers or even on the opening or what it knows of the available proof from the pretrial or suppression hearings."  1 Weinsten's Evidence ¶ 104[05] at 104-56 (1986).  There is no abuse of discretion in denying a pretrial James hearing when the pretrial hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure.  *Hernandez*, 829 F.2d at 994.

When justified by the length, complexity and size of a conspiracy, as well as the number of co-conspirator statements involved, this court has waited until trial when it is in a better position to analyze the admissibility of specific co-conspirator statements. "[I]n certain instances where it is not reasonably practicable to require the showing to be made before admitting the evidence, the court may admit the statements subject to being connected up." *United States v. Cardall*, 885 F.2d 656, 669 (10th Cir. 1989) (quotations and citations omitted). The decision to deviate from the preferred procedure resides within the trial court's sound discretionary judgment, but absent a substantial reason the preferred order of proof should be followed. *United States v. Troutman*, 814 F.2d 1428, 1448 (10th Cir. 1987). If it does not hold a James hearing, the district court must make, at least, preliminary factual findings on the record regarding the admissibility of the statements. *See United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir. 1993) (en banc).

The goverment represents that it "is not yet certain whether or not it will offer any *James* statements" because of the number of co-defendants and cooperating individuals, the voluminous discovery, and developing nature of the case. The government agrees the defendant is entitled to determination of admissibility but disagrees that this determination must be made following a pretrial

5

hearing. Because it has not decided whether to offer co-conspirator statements, the government asks the court to take the defendant's request under advisement until the matter becomes ripe.

At this time, the court shall not conduct a James hearing but will require the government to proffer its 801(d)(2)(E) evidence at the status conference prior to trial, either orally or in written form, at its option. Such proffer shall include not only the specific statement(s) of the co-conspirator which the government seeks to admit pursuant to 801(d)(2)(E), but also a concise summary of other evidence sufficient to meet its burden under that rule, *i.e.*, that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy. After receiving this proffer, the court will be in a better position to determine whether a James hearing is then necessary to prove the existence of the predicate conspiracy.

IT IS THEREFORE ORDERED that the defendant's Motion to Disclose Identity of Confidential Informant (Dk. 134) and Motion for Disclosure of Exculpatory and Impeachment Information (Dk. 136) are denied as moot based on the government's representations;

IT IS FURTHER ORDERED that the defendant's Motion to

Determine Admissibility of Extra Judicial Statements of Alleged Co-Conspirators and to Establish Order of Proof as to Conspiracy Allegations (Dk. 138) is denied at this time upon the conditions that the government shall make the required proffer at the status conference prior to trial and that the defendant may then renew this motion.

IT IS FURTHER ORDERED  that no hearing on these motions will be held as scheduled on January 11, 2005, in light of these rulings.

Dated this 6th day of January, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge