IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Respondent/Plaintiff,

Vs.                                                    No. 04-40001-02-SAC
                                                            06-3228-SAC

FELIPE BEDOLLA-IZAZAGA,

                    Movant/Defendant.


MEMORANDUM AND ORDER

            This case comes before the court on defendant's motion for

relief pursuant to 28 U.S.C. § 2255.

**Background**

            Following a jury trial, the defendant was convicted of eight

drug-related offenses, namely:  (1) conspiracy to distribute more than 500

grams of methamphetamine from about July 16, 2003, to about January 8,

2004; (2) using a communication facility on December 4, 2003, to commit

Count One; (3) using a communication facility on December 12, 2003, to

commit Count One; (4) distribution of 225 grams of methamphetamine

mixture on December 12, 2003; (5) distribution of 109 grams of actual

methamphetamine on December 23, 2003; (6) using a communication

1

facility on January 5, 2004, to commit Count One; (7) possession with intent to distribute 1.5 kilograms of methamphetamine mixture on January 8, 2004; and (8) managing or controlling a residence, 10782 Kettle Way, Dodge City, Kansas for using, storing, and distributing a controlled substance. Dk. 34.

Defendant was sentenced to a term of 360 months of imprisonment and five years' supervised release on all counts.  Defendant filed no appeal of his conviction, but has timely filed this motion for relief pursuant to 28 U.S.C. § 2255, raising three claims of error: 1) that he "was illegally arrested during execution of the search warrant on Mr. Verduzco's (codefendant) residence," and that "[i]nformation and evidence obtained through this tainted arrest was used in the conviction of the defendant"; 2) that his convictions were "obtained by utilization of an 'unlawful' recorded phone call of the defendant in which he made self-incriminating statements to another individual in confidence," which he characterizes as violations of his Fifth Amendment privilege against self incrimination and the Federal Wiretap Act; and 3) that his counsel was ineffective in that he "did an inadequate job in providing legal representation, poor client-attorney communications, poor and improper investigative techniques . . . and failed

to defend the rights of the Defendant in this matter." (Dk. 346, at 4-5,7).

## Governing Standards for § 2255 Relief

Defendant did not raise any of the current issues at trial or on direct appeal, and does not attempt to establish his actual innocence. Therefore, before it can reach the merits of defendant's claims, this court must first determine whether the defendant can demonstrate sufficient grounds to overcome the procedural bar against consideration of defaulted claims. See United States v. Frady, 456 U.S. 152, 165 (1982). "A defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his claim would result in a fundamental miscarriage of justice." *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994). Only if the defendant can show both cause for the default and that failure to consider the claim would result in actual prejudice to his defense, may the court reach the merits of his otherwise defaulted claims. *See United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004).

"A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar. *United States v. Horey*, 333 F.3d 1185, 1187 (10th Cir.

3

2003)." *Harms*, 371 F.3d at 1211.  Consequently, if the defendant can demonstrate that he received ineffective assistance of counsel, he will have established the requisite cause and prejudice to overcome application of the procedural bar.

**Legal Standards for Ineffective Assistance of Counsel**

The essence of an ineffective-assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Williamson v. Ward*, 110 F.3d 1508, 1513-14 (10th Cir. 1997) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)).  To prevail on a claim of ineffective assistance of counsel, the defendant must prove "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005).  "[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland v. Washington,* 466 U.S. at 697.

4

With regard to the objective reasonableness of counsel's representation, " '[t]he Supreme Court has recognized that because representation is an art and not a science, even the best criminal defense attorneys would not defend a particular client in the same way.' "  *Fields v. Gibson*, 277 F.3d 1203, 1217 (10th Cir.) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1522 (11th Cir.1995) (en banc) (alterations, quotation marks, and citations omitted), *cert. denied*, 516 U.S. 856 (1995)), *cert. denied*, 537 U.S. 1023 (2002).  To be constitutionally deficient, defense counsel's performance must be "completely unreasonable."  *Id.; see Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir.1999), *cert. denied*, 528 U.S. 1167 (2000). Thus, a defendant may prove this prong by showing a counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases."  *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted).  A court's review of the attorney's performance must be highly deferential.  *Strickland*, 466 U.S. at 689. In its evaluation of such claims, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689; *see United States v. Holder,*

5

410 F.3d 651, 654 (10th Cir. 2005).

The second determination is whether counsel's constitutionally ineffective performance affected the outcome of the trial.  To prove this prejudice requirement, the defendant "must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).  When the allegation is ineffective assistance at trial, a court must "determine whether there is a reasonable probability the jury would have had reasonable doubt regarding guilt." *Id.* (citations omitted).  "The prejudice defendant must demonstrate is by less than a preponderance of the evidence:  a defendant need not show that counsel's deficient conduct more likely than not altered the outcome of trial."  *Snow v. Sirmons*, 474 F.3d 693, 719-720 (10th Cir. 2007) (quoting *Fisher v. Gibson*, 282 F.3d 1283, 1307 (10th Cir. 2002)). The court looks at the totality of the evidence in assessing prejudice. *Boyd*, 179 F.3d at 914.  The court views defendant's allegations in light of the standards above.

**Illegal arrest**

Defendant first claims that he was illegally arrested during execution of the search warrant on co-defendant Verduzco's residence and that information and evidence obtained through that tainted arrest was

6

used in his conviction. No other information is provided by defendant in support of this claim which would specify why he believes his arrest was illegal or what information or evidence from the arrest he believes was improperly used at trial.  The government responds that defendant's arrest was unrelated to the search of Verduzco's residence, thus the entire factual premise of this claim is groundless.

The court liberally construes this claim to be that defendant's counsel was ineffective for failing to raise the issue of defendant's illegal arrest.  The record shows the following facts relative to defendant's arrest. On January 5, 2004, Rene Granado telephoned defendant and arranged for the defendant to come to Granado's residence in Emporia, Kansas to receive $5500 as payment for drugs Granado had previously purchased from the defendant.  (Trial Trans. at 774-777.)  As agreed, the defendant arrived at Granado's residence, where an undercover agent watched confidential informant Granado hand the defendant the money. (*Id.* at 782-783.) Defendant took the payment. Shortly thereafter, defendant left the residence with the money, returned to his vehicle where he counted the money, then drove away. (*Id.* at 783-785.)

Emporia Police Department Sergeant Ed Owens conducted surveillance of Granado's residence during the delivery of the buy money.

(*Id*. at 835-37.)   He saw defendant drive away from Granado's residence in a Hyundai Sonata with a passenger. (*Id*. at 838-839.)  Shortly after the vehicle left, Owens stopped the vehicle just up the street from Granado's residence and arrested the defendant. (*Id*. at 839, 843.)

Later that day, after defendant was arrested, Sergeant Owens and others participated in the execution of a search warrant at the residence of Eloy Rosas.  (*Id*. at 843.)  That same day, officers also executed a search warrant at the residence of Verduzco.

The record fails to show that the search of Verduzco's residence had any connection whatsoever to defendant's arrest. Defendant's arrest was based on information provided by Granados and the drug transaction witnessed by the undercover agent.  Accordingly, had defendant's counsel timely raised this argument, the court would have rejected it on the merits. Because neither cause nor prejudice has been shown, this claim is procedurally barred.

**Recording of telephone calls**

Defendant next contends that his conviction was obtained by use of unlawful recorded telephone calls in which he made incriminating statements.  Defendant asserts that his statements were made in confidence and that no wiretap order was issued.  Liberally construed, this

claim alleges that defendant's counsel was ineffective for failing to raise this issue at trial.

Although defendant does not specify which telephone calls he contends were illegal, telephone calls served as the basis for defendant's convictions on Counts Two, Three, and Six.  Each of these calls, made on December 4, 2004, December 12, 2003, and January 5, 2004, was to defendant from Rene Granados, who, unbeknownst to defendant, was cooperating with the government.  The court assumes these calls are the subject of defendant's claims of illegal recording.

Defendant is correct that no wiretap order was requested or granted for any of these calls.  None was necessary, however, due to the "consent" exception in the Federal Wiretap Act, which provides:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 USC § 2511(2)(c). Thus "law enforcement personnel may lawfully monitor or record conversations with the consent of one of the parties to the conversation." *United States v. Davis*, 1 F.3d 1014, 1016 (10th Cir. 1993).  Neither the Fourth Amendment nor the wiretap statute is violated when the government records a defendant's conversation with another

9

party, pursuant to that party's consent.  *United States v. McKneely*, 69 F.3d 1067, 1073 (10th Cir. 1995).  *See United States v. Longoria*, 177 F.3d 1179, 1182-82 (10th Cir. 1999).  "A criminal might have a strong expectation that his longtime confidant will not allow the government to listen to their private conversations, but however profound his shock might be upon betrayal, government monitoring with the confidant's consent is reasonable under the Fourth Amendment.  *See United States v. White*, 401 U.S. 745, 752, 91 S. Ct. 1122, 28 L. Ed. 2d 453 (1971)."  *Georgia v. Randolph*, 547 U.S. 103,126 S. Ct. 1515, 1532 (2006).  This rule is based on privacy:  "Inescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police .... [I]f he has no doubts, or allays them, or risks what doubt he has, the risk is his."  *Georgia v. Randolph,126* S. Ct. at 1533, quoting *White*, 401 U.S., at 752.  Here, it is undisputed that Rene Granados, a party to each of the challenged communications, gave prior consent to the interception.  Accordingly, no violation of the Federal Wiretap Act has been shown.

Defendant additionally contends that the use of recorded calls violated his Fifth Amendment privilege against self-incrimination.  The Self-Incrimination Clause of the Fifth Amendment states:  "No person ... shall be compelled in any criminal case to be a witness against himself."

10

U.S. Const. amend. V.  The Supreme Court has explained that this privilege protects a person only against being incriminated by his own compelled testimonial communications.  *See Doe v. United States*, 487 U.S. 201, 207 (1988) (citations omitted.)

Generally, self-incrimination is considered to be "compelled" either when a person is legally required to testify, such as in response to a subpoena or a court order, or during a "custodial interrogation," where the compulsion arises from a custodial environment.  *See United States v. Hunerlach,* 197 F.3d 1059, 1066 (11th Cir. 1999).  The fifth amendment "does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a testimonial communication that is incriminating."  *United States v. McCurdy*, 40 F.3d 1111, 1115 (10th Cir. 1994) quoting *Fisher v. United States*, 425 U.S. 391, 408 (1976). The Fifth Amendment "does not prohibit the use of evidence that a defendant voluntarily turns over to the government.  'Voluntary statements of any kind are not barred by the Fifth Amendment ....' " *United States v. Codner,* 2000 WL 373791, *5 (10th Cir. 2000), quoting *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).  Thus,"where a defendant's conversations with an informant are voluntary and the informant's presence was wholly voluntary, admissions made by the

11

defendant do not violate the fifth amendment privilege against compulsory self-incrimination. *Hoffa v. United States*, supra, 385 U.S. at 303-04, 87 S. Ct. at 414." *United States v. Davis*, 646 F.2d 1298, 1302 (8th Cir. 1981); *cf, In re Grand Jury Subpoenas,144* F.3d 653, 663 (10th Cir. 1998)(finding compulsion of attorneys' testimony as to voluntary statements made by the client does not implicate the Fifth Amendment's protection of the client against compulsory self-incrimination.)

In this case, no evidence suggests that defendant was subject to a subpoena or a court order to testify at the time of the recorded conversations, or that defendant was in "custody" when he was speaking to Granados. Thus no evidence of legal or factual compulsion exists in this case. Because defendant disclosed the incriminating information to Rene Granados voluntarily, no Fifth Amendment violation can be shown.

The court finds no merit to defendant's claims that the recording of his conversations violated either the Federal Wiretap Act or the Fifth Amendment. Accordingly, had defendant's counsel timely raised these arguments, the court would have rejected them on their merits. Because neither cause nor prejudice has been shown, these claims are procedurally barred.

**General ineffectiveness**

12

Defendant's final claim is that his counsel provided inadequate legal representation, demonstrated poor client-attorney communications, used poor and improper investigative techniques, and failed to defend defendant's rights. No specifics regarding counsel's allegedly deficient performance are included in defendant's motion or in any contemporaneously filed memoranda. *See United States v. Guerrero*, __ F.3d __ (10th Cir. June 14, 2007).

The court is left with defendant's conclusory assertions stated above. A court "may not rewrite a petition to include claims that were never presented." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). "To surmount the strong presumption of reasonable professional assistance, a criminal defendant bears the burden of proving, by a preponderance of the evidence, that his trial counsel acted unreasonably." *Salahdin v. Mullin*, 380 F.3d 1242, 1248 (10th Cir. 2004). Defendant's vague and general challenge to counsel's actions and inactions is insufficient to meet his burden to overcome the presumption of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. The court cannot "reasonably read the pleadings to state a valid claim on which the petitioner could prevail." *Barnett, 174* F.3d at 1133.

The court additionally notes that defendant's counsel is no

13

stranger to this court and is an experienced criminal defense attorney. Nothing in the court's review of the record in this case or in the court's recollection of events at defendant's trial gives the court any reason to believe that counsel's representation of defendant was constitutionally ineffective.

**Other issues**

Defendant has raised additional issues in his reply brief which were not included in defendant's § 2255 motion and were not previously briefed by the government.  *See* Dk. 363.  A court in a § 2255 proceeding does not consider arguments presented for the first time in a reply brief. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir.2002) (citing *Codner v. United States*, 17 F.3d 1331, 1332 n. 2 (10th Cir. 1994)), *cert. denied*, 123 S. Ct. 388 (U.S. Oct. 15, 2002).  In pursuit of fairness and proper notice to the government, the court declines to address these issues.

IT IS THEREFORE ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 346) is denied.

Dated this 28th day of June, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

14