IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                              Nos.  04-40001-02-SAC
                                       06-3228-SAC

FELIPE BEDOLLA-IZAZAGA,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to reopen the post-conviction proceedings in which the court denied the defendant's motion for relief pursuant to 28 U.S.C. § 2255. (Dk. 385). A jury convicted the defendant of eight drug-related offenses, and the court sentenced him to 360 months imprisonment on four counts, 48 months on three counts, and 240 months on one count, with all terms to run concurrently. (Dk. 333). The defendant did not appeal his conviction but filed a motion to vacate under 28 U.S.C. § 2255 in August of 2006. (Dk. 346). After receiving the government's response (Dk. 356) and the defendants reply (Dk. 363), the court decided the merits of the defendant's motion and denied all relief. (Dk. 365).

Invoking what he calls the "inherent power" of the court to grant equitable relief and citing what he characterizes as the court's "inherent authority" to reopen pursuant to Fed. R. Civ. P. 60(b)(6), the defendant asks the court to reopen the § 2255 proceeding and address the legality of his sentence and the sentencing proceedings in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Additionally, the defendant asks the court to address whether he received effective assistance of counsel at trial and at sentencing. The defendant also asserts his counsel failed to file a direct appeal.

There are statutory limits on second or successive § 2255 motions such that they may "proceed only in specified circumstances and only with a circuit court's prior authorization." *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009). Specifically, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate courts of appeals . . . ." 28 U.S.C. § 2255(h). In 2005, the Supreme Court "clarified that not all 60(b) motions in such proceedings constitute second or successive petitions." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). "Under *Gonzalez,* a 60(b) motion is a second or successive petition if it in

substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* The Tenth Circuit has defined two categories for a "true" Rule 60(b) motion: "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16; *see also In re Lindsey*, 582 F.3d at 1175.

  The defendant's motion attacks his underlying conviction asserting constitutional claims either that were omitted from his original § 2255 petition or that are being reasserted. The court decided the defendant's original § 2255 motion on the merits and did not deny relief on the basis of a procedural ruling. Nor does the defendant challenge any "defect in the integrity" of the prior § 2255 proceeding. The defendant's motion to reopen is a challenge to his conviction properly made under § 2255, not Rule 60(b). *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (summarizing *Gonzalez* as holding that "a claim nominally filed under Rule 60(b) in a habeas proceeding is, in substance, a successive habeas

3

claim if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence"). The court, therefore, concludes that the entirety of the defendant's motion is a second or successive § 2255 motion and that the court lacks subject matter jurisdiction over it. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). In order to file a second or successive § 2255 motion in the district court, the movant must first seek and obtain prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3).

      IT IS THEREFORE ORDERED that the defendant's motion to reopen the 28 U.S.C. § 2255 proceedings (Dk. 385) is an unauthorized second or successive § 2255 motion that is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

      IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion to reopen (Dk. 385) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and to the local office of the United States Attorney.

Dated this 15th day of April, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge