IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                                              No. 04-40001-02-SAC

FELIPE BEDOLLA-IZAZAGA,

    Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant's petition for writ of audita querala. (Dk. 389). The jury convicted the defendant of eight drug-related offenses committed in 2003 and 2005, and in June of 2006, the court sentenced him to 360-months' imprisonment on four counts, 48 months on three counts, and 240 months on one count, with all terms to run concurrently. (Dk. 333). The defendant took no direct appeal but filed a motion to vacate under 28 U.S.C. § 2255. (Dk. 346). The court denied the § 2255 motion. (Dk. 365). The defendant then sought to reopen the § 2255 proceedings to have the court address certain issues, including the legality of his sentence and the sentencing proceedings in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S.

220 (2005). On April 15, 2010, the court filed an order that treated the motion as an unauthorized second or successive § 2255 motion and that transferred it to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. (Dk. 386). In June of 2010, the Tenth Circuit denied the defendant's motion for not meeting the requirements of § 2255(h). (Dk. 388).

The defendant's pending petition for writ of audita querala is his latest attempt at post-conviction relief. The defendant premises his petition on the argument that the sentencing court violated *Booker* in sentencing him on the basis of d-methamphetamine when it was never proved to or decided by the jury whether the more severely punishable d-methamphetamine or the less severely punishable l-methamphetamine was involved in the offenses of conviction. The defendant begins his argument by noting that the United States Sentencing Guidelines effective in October of 1987 distinguished between these types of methamphetamine in the drug quantity tables. The defendant further contends that because the guidelines were mandatory when he was sentenced, this is a change in the law that provides him a new legal defense.

The defendant's premise and arguments are devoid of merit.

When the defendant was sentenced in 2005, the distinction between d- and l-methamphetamine no longer existed, for as of November 1, 1995, Amendment 518 to the sentencing guidelines had deleted the distinction between d-methamphetamine and l-methamphetamine. *See United States v. Svacina*, 137 F.3d 1179, 1186 (10th Cir. 1998). Thus, the characterization of the type of methamphetamine had no effect on the calculation of the defendant's sentence under the Sentencing Guidelines. Moreover, the defendant was sentenced in June of 2006, more than a year after the *Booker* decision, and the sentencing court complied with *Booker* in treating the sentencing guidelines as merely advisory. There is no factual or legal merit to the defendant's arguments.

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (citations and internal quotation marks omitted). "[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d at 1245 (citations and internal quotation marks omitted). "'A prisoner may not circumvent valid

congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.'" *United States v. Muldrow*, 2010 WL 1707994 at *1 (10th Cir. Apr. 28, 2010) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)). In other words, that the movant "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). A movant cannot evade the procedural restraints on successive § 2255 petitions "by simply styling a petition under a different name." *Torres*, 282 F.3d at 1246 (citations omitted).

The defendant's petition for writ of audita querela does not attack the integrity of any § 2255 proceedings. His baseless sentencing challenge could have been raised in a direct appeal or in his § 2255 motion. Sentenced after *Booker*, the defendant could have made this same argument at sentencing, on appeal, and in the § 2255 proceeding. For the reasons stated above, the defendant's arguments advance no cognizable constitutional challenge, and if they did, then they must be pursued under § 2255. *See United States v. McIntyre*, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23. 2009). For this reason, there is no gap in the

post-conviction remedies to justify use of the writ.

IT IS THEREFORE ORDERED that the defendant's petition for writ of error audita querela (Dk. 389) is denied.

Dated this 29th day of September, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge