IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                  Nos.  04-40001-02-SAC
                                            06-3228-SAC

FELIPE BEDOLLA-IZAZAGA,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court again on the defendant's filing of another post-conviction motion seeking relief available under 28 U.S.C. § 2255.  (Dk. 406).   The defendant did not appeal his jury conviction on eight drug-related offenses nor his sentence of 360 months imprisonment on four counts, 48 months on three counts, and 240 months on one count, with all terms to run concurrently.  (Dk. 333).  He filed his first motion to vacate under 28 U.S.C. § 2255 in August of 2006.  (Dk. 346).   This court denied this motion, and no appeal was taken. (Dk. 365).  Nearly nine months later, the defendant sought to reopen the § 2255 proceedings to have the court address certain issues.  (Dk. 385)  The court treated this filing as the defendant's second § 2255 motion and so unauthorized, and it was transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  (Dk. 386).  The Tenth Circuit agreed the defendant's filing was a

successive habeas claim requiring authorization under § 2255(h) and then found that the defendant's motion for authorization did not meet the requirements of § 2255(h).  Approximately two months later, the defendant filed a petition for writ of audita querala, (dk. 389), and this court denied the same because § 2255 remained the appropriate and exclusive remedy for the defendant's claims.  (Dk. 391). The Tenth Circuit affirmed.  (Dk. 398).

Now the defendant has filed what is his third motion for relief under § 2255.  There are statutory limits on second or successive § 2255 motions such that they may "proceed only in specified circumstances and only with a circuit court's prior authorization."  *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009).  To file a successive § 2255 motion in district court, the defendant must obtain prior authorization from the Tenth Circuit.  28 U.S.C. § 2244(b)(3).  The defendant's filing does not indicate that he has sought or obtained prior authorization from the Tenth Circuit.  In this situation, Tenth Circuit precedent instructs that a district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is served in doing that or to dismiss the motion for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not

served by a transfer. *Id.* at 1252.  Similarly, should the district court conclude the successive § 2255 motion has not been filed in good faith, then it would be a proper exercise of discretion to choose dismissal over transfer. *Id.*

The court concludes that the transfer of the defendant's third motion for habeas corpus relief would not serve the interest of justice.  In June of 2010, the Tenth Circuit denied the defendant's motion for not meeting the requirements of § 2255(h) and noted that "[i]t does not appear, however, that a transfer was in the interest of justice under 28 U.S.C. § 1631." (Dk. 388, p.3).  The defendant's pending motion and memorandum do not contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  None of the defendant's pending arguments fall into either category required for a successive petition.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.  Such a certificate "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires the applicant to

demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct a sentence pursuant to relief available under 28 U.S.C. § 2255 (Dk. 406) is an unauthorized second or successive § 2255 motion and is dismissed for lack of jurisdiction because a § 1631 transfer is not in the interest of justice;

IT IS FURTHER ORDERED that a certificate of appealability on this ruling is denied.

Dated this 17th day of August, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge